UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRA B.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5654-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing one medical opinion. (Dkt. # 15 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1984, has two years of college education and training as a medical assistant, and has worked as a medical assistant and an insurance claims specialist. AR at 39-41, 209-10. Plaintiff was last gainfully employed in March 2020. *Id.* at 41-42.

In November 2019, Plaintiff applied for benefits, alleging disability as of October 1, 2018. AR at 184-90. Plaintiff's application was denied initially and on reconsideration, and

1    Plaintiff requested a hearing. *Id.* at 101-09, 126-28. After the ALJ conducted a hearing in June

2    2021 (*id.* at 31-74), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-26.

3         As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

4    Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

5    Commissioner to this Court. (Dkt. # 4.)

6                          **III.   LEGAL STANDARDS**

7         Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

8    security benefits when the ALJ's findings are based on legal error or not supported by substantial

9    evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

10   general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

11   ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

12   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

13   alters the outcome of the case." *Id.*

14        "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

15   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

16   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

17   Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

18   testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

19   1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

20   neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

21   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

22   rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

23

# IV.   DISCUSSION

Plaintiff's primary care provider Christine Harris-Spinks, M.D., completed a DSHS form opinion in October 2019 indicating that Plaintiff had post-traumatic stress disorder, anxiety, fibromyalgia, and right knee pain/arthritis, and was limited to performing sedentary work for the next six months. AR at 292-94.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In this case, the ALJ found Dr. Harris-Spinks's opinion not persuasive for several reasons. AR at 23. First, the ALJ noted that the opinion had limited duration, because Dr. Harris-Spinks opined that Plaintiff's limitations were not permanent and that she would be limited to sedentary work for six months. *Id*. at 293. This is a valid reason to find an opinion less probative to a disability determination. *See* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"); 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months). Although Plaintiff emphasizes that Dr. Harris-Spinks indicated that Plaintiff's condition may improve if she treated her depression and anxiety (dkt. # 15 at 7), the doctor did not condition the temporal limitation on this potential improvement. *See* AR at 293. Although Plaintiff has offered her own interpretation of the temporal limitation, Plaintiff has

failed to show that the ALJ's reading of Dr. Harris-Spinks's temporal limitation is unreasonable and therefore erroneous. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ also noted that Plaintiff did not disclose her substance use to Dr. Harris-Spinks, and although the ALJ found a lack of medical evidence to indicate the degree of impact of the substance use on Plaintiff's functioning elsewhere in the decision (AR at 22), the ALJ reasonably found that Dr. Harris-Spinks's lack of familiarity with Plaintiff's complete diagnostic picture rendered her opinion less persuasive. This is a valid consideration under the applicable regulations. *See* 20 C.F.R. § 404.1520c(c)(5) (indicating that an ALJ may consider a medical source's familiarity with other evidence in the record, when assessing the persuasiveness of the source's opinion).

Lastly, the ALJ noted that Dr. Harris-Spinks had not seen Plaintiff for more than a year at the time she completed the form opinion "to the best of [her] ability." *See* AR at 278, 282. The gap in Dr. Harris-Spinks's treatment of Plaintiff is also a valid consideration under the regulations because it pertains to the extent of the doctor's longitudinal understanding of Plaintiff's functioning. *See* 20 C.F.R. § 404.1520c(c)(3).

The ALJ also identified factors pertaining to the supportability and consistency of Dr. Harris-Spinks's opinion, as required by the regulations. As to supportability, the ALJ found that Dr. Harris-Spinks's contemporaneous examination did not support the fibromyalgia diagnosis. AR at 23. As to consistency, the ALJ found that: (1) the record did not contain findings that support a fibromyalgia diagnosis, and (2) the State agency consultants reviewed more evidence

1    and their opinions (indicating that Plaintiff is less limited than Dr. Harris-Spinks opined) are

2    more consistent with the longitudinal record. *Id.*

3          Plaintiff contends that the ALJ erred in failing to articulate how he "considered the

4    overall supportability of the opinion[,]" but cites no authority requiring that an ALJ express an

5    "overall" supportability finding rather than identifying factors pertaining to supportability. (Dkt.

6    # 15 at 6.) As referenced *supra*, the ALJ found that the fibromyalgia diagnosis listed in Dr.

7    Harris-Spinks's opinion was unsupported by relevant objective findings. AR at 23. The ALJ did

8    not suggest that the other diagnoses listed in Dr. Harris-Spinks's opinion were unsupported, and

9    thus Plaintiff's citation to evidence supporting those diagnoses does not advance her assignment

10   of error. (*See* dkt. # 15 at 6.) Plaintiff has not shown that the ALJ erred in finding that Dr. Harris-

11   Spinks's fibromyalgia diagnosis was unsupported, and thus has failed to show error in the ALJ's

12   supportability finding.

13         The ALJ also found that Dr. Harris-Spinks's opinion was inconsistent with the record, in

14   that the record contained no findings to support the fibromyalgia diagnosis and because the State

15   agency consultants (with access to more records) found Plaintiff to be less limited. AR at 23.

16   Although Plaintiff contends that the ALJ "wholly failed to address" consistency (dkt. # 15 at 7),

17   the ALJ reasonably found that the opinion was inconsistent with the persuasive State agency

18   opinions (which described Plaintiff as capable of performing light work with some postural

19   limitations) and inconsistent with the longitudinal record as to the fibromyalgia diagnosis. *See*

20   AR at 18 (the ALJ's unchallenged step-two finding that fibromyalgia is not a medically

21   determinable impairment), 22-23 (the ALJ's finding that the State agency opinions were

22   persuasive because they were consistent with evidence of Plaintiff's normal functioning as to

23

gait, coordination, strength, and cognition, as well as the evidence of her limitations due to pain and irritability[1]).

Because the ALJ's supportability and consistency findings are supported by substantial evidence, and the ALJ cited other factors that undermine the persuasiveness of Dr. Harris-Spinks's opinion, the Court affirms the ALJ's assessment of Dr. Harris-Spinks's opinion.

## V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 5th day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Plaintiff attempts to envelop a challenge to the ALJ's assessment of the State agency psychologists' opinions within her challenge to the ALJ's assessment of Dr. Harris-Spinks's opinion. (Dkt. # 15 at 10-11.) Plaintiff did not assign error to the ALJ's assessment of the State agency opinions in her list of assignments of error on the first page of the opening brief, as instructed by the Court. (Dkt. # 9.) Moreover, it is not clear why Plaintiff directs the Court's attention to the State agency psychological opinions in her discussion of Dr. Harris-Spinks's opinion because, as noted by the Commissioner (dkt. # 16 at 7), Plaintiff has not shown that the State agency psychological opinions are inconsistent with the limited mental findings contained in Dr. Harris-Spinks's opinion. Whether the record could support a finding that Plaintiff is more limited than the State agency psychological consultants found is not sufficient to show error in the ALJ's assessment of either Dr. Harris-Spinks's opinion or the State agency opinions. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").